# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 3:19-cv-05068-SRB |
| | ) | |
| HBC SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment (Doc. #12). For the reasons stated below, the Motion is GRANTED.

### I. BACKGROUND

Since Defendant HBC Services, Inc., has failed to defend this action and default has been entered, the following factual allegations contained in Plaintiff's Complaint are taken as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). Plaintiff's Complaint alleges that Defendant was attempting to collect an alleged consumer debt from Plaintiff. (Doc. #1, ¶ 17). A voicemail was left on Plaintiff's son's phone to collect the alleged debt, even though the son is not a co-signor to the debt. (Doc. #1, ¶ 21). Defendant knew or should have known of the requirements of the Fair Debt Collection Practices Act ("FDCPA"). (Doc. #1, ¶ 23). Defendant did not state that the communication was an attempt to collect a debt. (Doc. #1, ¶ 24). Defendant has not taken legal action against Plaintiff (Doc. #1, ¶ 25), nor does Defendant have a judgment against Plaintiff. (Doc. #1, ¶ 26).

On November 13, 2019, this Court struck the Answer filed on October 11, 2019, by Charles Henry, Jr., because Mr. Henry was not a lawyer licensed to practice in the State of Missouri and Defendant is a corporation that must be represented by counsel. On January 2,

2020, Plaintiff filed a motion for entry of default pursuant to Federal Rule of Civil Procedure 55(a). The Clerk of the Court entered default on January 23, 2020. Plaintiff subsequently filed the instant motion for default judgment pursuant to Rule 55(b). Defendant failed to timely respond to the motion.

## II. LEGAL STANDARD

Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." "[E]ntry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Once a default is entered, the defendant "has no further standing to contest the factual allegations of plaintiff's claim for relief" and he "is deemed to have admitted all well pleaded allegations in the complaint." *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (citation omitted); *accord Murray*, 595 F.3d at 871 ("Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true[.]"). A court must then review the complaint and "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Murray*, 595 F.3d at 871).

"If the taken-as-true allegations of the complaint constitute a legitimate cause of action, then the amount of the default judgment must be ascertained." *Adventure Creative Grp., Inc. v. CVSL, Inc.*, 412 F.Supp.3d 1065, 1069 (D. Minn. 2019) (citation omitted); *see also Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (noting default judgment cannot be entered "until the amount of damages has been ascertained"). When determining the

2

amount of damages, a court may hold an evidentiary hearing or may instead rely upon affidavits and documentary evidence supplied by the plaintiff. *Robinson Mech. Contractors Inc. v. PTC Grp. Holdings Corp.*, No. 1:15-CV-77 SNLJ, 2017 WL 3839702, at *2 (E.D. Mo. Sept. 1, 2017) (citing *Taylor*, 859 F.2d at 1333).

## III. DISCUSSION

This Court finds that Defendant is in default and entry of default judgment is proper pursuant to Rule 55(b). Defendant's actions constitute violations of 15 U.S.C. §§ 1692b(2), 1692c(b), 1692e, 1692e(2), 1692e(3), 1692e(5), and 1692e(11). The Court also finds the amount of the damages is readily ascertained from the documentary evidence supplied by Plaintiff. According to the Affidavits of Mark Molner, Esq. and Taylor Kosla, Esq., and a statement of services (Doc. #12, Ex. 1), Plaintiff is entitled to receive statutory damages not to exceed $1,000.00 for violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), plus costs of $485.00 and attorney's fees in the amount of $3,877.50, for a total of $5,362.50.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (Doc. #12) is GRANTED.

**IT IS HEREBY ORDERED** that default judgment is entered against Defendant and in favor of Plaintiff in the amount of $5,362.50.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough  
STEPHEN R. BOUGH  
UNITED STATES DISTRICT JUDGE

Dated: June 3, 2020